**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Slater & Associates Insurance, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Stanley G. Roork and Janice Roork, husband and wife; and Stan Roork Insurance Services, LLC, <br><br> Defendants. | NO. CV 07-1965-PHX-JAT <br><br> **TEMPORARY RESTRAINING ORDER (WITH NOTICE)** |

The Court has read and considered Plaintiff's Verified Complaint, Application for Temporary Restraining Order and Preliminary Injunction, and the supporting memorandum, affidavit, and exhibits, and has heard the arguments of counsel for Plaintiff and Mr. Roork pro se.[1]

To obtain a temporary restraining order, the moving party must show: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to the moving party if injunctive relief is not granted, 3) the balance of hardships favors the moving party, and 4) advancement of the public interest. *See Los*

---

[1] The Court does not deem Mr. Roork's telephonic appearance to be a waiver of any arguments relating to venue or personal jurisdiction (or any other defenses). Further should Mr. Roork (or any other defendant) choose to file a motion on this basis, said defendant may simultaneously move to stay the deadlines in this Order assuming those deadlines have not already expired.

*Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980); *Johnson v. State Bd. Of Accountacy*, 72 F.3d 1427, 1430 (9th Cir. 1995). The moving party may meet this burden by showing either: 1) a combination of probable success on the merits and a possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. *Goto.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2000) (citing *Sardi's Rest. Corp. v. Sardi*, 755 F.2d 719, 723 (9th Cir. 1985).

The Court has determined that Plaintiff has shown probable success on the merits on its misappropriation claim and that unless a temporary restraining order against Defendants is granted, there is the possibility of irreparable injury, loss, or damage to Plaintiff from Defendant Stanley G. Roork's misappropriation of Plaintiff's confidential business information obtained by Defendant Stanley G. Roork during his employment with Plaintiff and retained thereafter.

The Court has further determined that Plaintiff has no other adequate remedy at law.

IT IS THEREFORE ORDERED (granting in part and denying in part the request for Temporary Restraining Order (part of doc. #2), the request for Temporary Restraining Order is granted as specifically identified below and denied in all other respects[2]) THAT:

1. Defendant Stanley G. Roork, his agents, employees, representatives, assigns, attorneys, and successors-in-interest, and all other persons acting on his behalf or in concert with him, are hereby enjoined and restrained from engaging in any of the following acts:

  Directly or indirectly, disclosing, sharing, transmitting,

---

[2] To the extent Doc. #2 also contains the motion for preliminary injunction, that Motion remains pending.

destroying, or using any of the confidential and/or proprietary Slater documents, files, materials, data, information or other property that he had access to (or made copies of) while employed by Slater and retained thereafter, including but not limited to customer-related documents and information, such as contact information, insurance applications, current and prior insurance policies, expiration dates of policies, policy premiums, prior claims, and underwriting information.

2.  Defendant Roork and his agents shall return to Slater any and all documents and copies of documents (including electronic documents and information) that he obtained from Slater during his employment (other than his personal employee benefit documents and discharge documents) and all other items of company property, including all insured files; the three-ring binder with the customer list provided to him by Brett Slater; all customer renewal lists, all commission statements; all handwritten notes relating to Slater customers taken during the course of his employment; the company-purchased digital camera, laptop computer, desktop computer, printer/fax/scanner and any office supplies provided or purchased by Slater; and all other documents generated during the course of his employment related to former or current Slater customers.  These items shall be returned to counsel for Plaintiff within 72 hours of Defendants being served with this Order.

3.  Each Defendant, within 72 hours of being served with this Order, shall file an affidavit avowing that all properties and materials have been returned, including copies.

4.  If each Defendant fails to file such affidavit within 72 hours of being served with this Order, then within 5 business days of being served with this Order, each Defendant shall provide Slater with any other computer(s), hard-drive(s), flash drive(s), or other storage device(s) within such Defendant's possession, custody or control so that Slater can obtain a mirror image of all such devices for forensic examination to determine the extent of the information Roork wrongfully removed

from Slater's property. And each Defendant and/or such Defendant's counsel has a right to be present during the copying and forensic examination, but none of them shall interfere with the examination(s) in any way. Slater shall conduct the forensic examination in a manner reasonably calculated to protect the privacy of any Defendant's personal information and data on the computer and storage devices, and shall not review personal documents or data that had been stored on the computer or storage device other than as necessary to verify that it is not the property of Slater.

5. If the forensic examination reveals the existence of any confidential and/or proprietary information on a computer or other storage device, Defendant will produce the actual computer or memory device that contains such information to Slater, and Slater will retain those items without alteration pending further order of this Court. Slater will bear the cost of the forensic examination, if any.

6. Any violation of this Temporary Restraining Order by Defendants, or their agents, employees, representatives, assigns, attorneys, successors-in-interest, or any other person acting on their behalf or in concert with them, shall constitute contempt of this Court, and shall render any and all violators subject to punishment accordingly. It shall be considered a violation of this Order for Defendants to impede, threaten, or retaliate against any person assisting Plaintiff in implementing this Order or in prosecuting this litigation.

7. This Temporary Restraining Order shall be in full force and effect until this Court conducts a preliminary injunction hearing. It is ordered setting a hearing on Plaintiff's Application for a Preliminary Injunction (part of Doc. #2) for October 25, 2007, at 9:30 a.m.

8. Plaintiff shall serve this Temporary Restraining Order, any other orders entered herein, and all supporting papers upon Defendants for this Order to

take effect.

Pursuant to Federal Rule of Civil Procedure 65(c), the Temporary Restraining Order set forth herein shall be subject to the posting of security with the Clerk of the Court by Plaintiff, in the form of a surety bond in the amount of $15,000.  This Order may not be served until this bond is posted.

Dated this 16th day of October, 2007.

_____
James A. Teilborg
United States District Judge